IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESLIE JAMES JONES,

      Plaintiff,                       No. CIV S-04-1933 DFL GGH P

      vs.

LIEUTENANT E. SANDY, et al.,

      Defendants.           <u>ORDER</u>

                              /

      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

      On February 14, 2006, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days.  Plaintiff has filed objections to the findings and recommendations.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

1

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 14, 2006, are adopted in full; and

2. Defendants' August 15, 2005 motion to dismiss is granted in part and denied in part as follows:

    a. Granted as to plaintiff's claims against defendants Sandy, Cervantes and Dickinson of a due process violation related to a prison disciplinary action resulting in loss of plaintiff's time credits and defendants Cervantes and Dickinson are dismissed from this action, as well as plaintiff's claim for restoration of time credits;

    b. Granted on the ground that plaintiff failed to exhaust administrative remedies prior to bringing this action as to his claims against defendants Hickman, Johns, Brown, Rodriguez, Mabon, and Justin, and these defendants are dismissed from this action;

    c. Granted on the ground that plaintiff failed to exhaust administrative remedies with respect to his claims that defendant Sandy acted in retaliation for plaintiff's filing of inmate grievances and improperly altering a CDC-115;

    d. Granted for plaintiff's failure to exhaust administrative remedies with respect to defendant Hughes' having released sensitive information re: plaintiff and for his placement in ad seg in retaliation;

    e. Denied as to his claim that defendant Sandy retaliated against him and was deliberately indifferent to a serious medical condition by ordering the confiscation of plaintiff's blood pressure medication;

    f. Denied as to his claim that defendant Hughes acted in retaliation by denying him family visits and wrongly ascribing an "R custody" suffix to his file.

/////
/////
/////

    g.  Defendant Sandy and Hughes are directed to file an answer to the claims as modified herein, within thirty days.

DATED: 3/17/2006

_____
DAVID F. LEVI
United States District Judge