IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESLIE JONES,

    Plaintiff,                                  No. CIV S-04-1933 ALA P

    vs.

LIEUTENANT E. SANDY, et al.,

    Defendants.                     <u>ORDER</u>

_____/

        Plaintiff Leslie Jones is a state prison inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Defendant's January 31, 2007, motion for summary judgment and Plaintiff's February 15, 2007, petition for writ of mandamus. Plaintiff has also filed an opposition to Defendant's motion for summary judgment. For the reasons stated below, Defendant's motion for summary judgment is denied in part and granted in part.

**I**

        On July 26, 2002, Plaintiff filed an inmate grievance against Defendant Sandy. Complaint at 4. On August 26, 2003, Plaintiff's cell was searched by Cadet Mabon. *Id.* Plaintiff alleges that Cadet Mabon confiscated all of Plaintiff's prescribed medicine and hygiene items, while confiscating nothing from Plaintiff's cell mate. *Id.* When Plaintiff questioned

1

Cadet Mabon as to why he was confiscating Plaintiff's medicine, according to Plaintiff, Cadet Mabon said that he was ordered to do so by a female supervisor whose name he did not know. *Id*. at 5. Later another officer told Plaintiff that a Sergeant had told the officer to inform Plaintiff that Defendant Sandy had ordered the property taken and that Plaintiff would have to ask Defendant Sandy for the property back. *Id*. That evening Plaintiff was taken to the prison clinic due to high blood pressure resulting from stress and lack of medication. *Id*.

Additionally, in May of 2003, Plaintiff settled a lawsuit involving staff at another institution. *Id*. at 6. Plaintiff alleges that those staff were friends of Defendant Hughes who retaliated against Plaintiff by refusing to process his family visitation application based on the false claim that Plaintiff had an "R-suffix" conviction, which denotes a sex offense. *Id*. at 6-7. Defendants filed a motion for summary judgement on January 1, 31, 2007, denying Plaintiff's allegations.

**II**

To grant summary judgment, the Court must determine that the record before it contains "no genuine issue as to any material fact" and, thus, "that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In determining whether to grant summary judgment, the Court will view the facts and inferences from these facts in the light most favorable to the nonmoving party. *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Here, the Plaintiff is the nonmoving party.

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A material fact is any factual dispute that might affect the outcome of the case under the governing substantive law. *Id.* at 248. A factual dispute is genuine if the evidence is such that a reasonable jury could resolve the dispute in favor of the nonmoving party. *Id.*

A party opposing a motion for summary judgment cannot rest upon mere allegations or

denials in the pleadings or papers, but instead must set forth specific facts demonstrating a genuine issue for trial. *Id.* at 250. Finally, if the nonmoving party's evidence is merely colorable or is not significantly probative, a court may grant summary judgment. *California Architectural Build. Prods., Inc. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir. 1987).

### III

"The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eight Amendment.'" *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). "A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's medical needs." *Id.* at 1057.

"In the Ninth Circuit, the test for deliberate indifference consists of two parts." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "First, the plaintiff must show a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* (quoting *McGuckin*, 974 F.2d at 1059). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Id.* A plaintiff can show a defendant's response was deliberately indifferent by demonstrating "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" *Id.* (quoting *McGuckin*, 974 F.2d at 1059).

"A prison official acts with 'deliberate indifference . . . only if [he or she] knows of and disregards an excessive risk to inmate health and safety." *Toguchi*, 391 F.3d 1057. "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "'[D]eliberate

3

1  indifference to medical needs may be shown by circumstantial evidence when the facts are
2  sufficient to demonstrate that a defendant actually knew of a risk of harm.'" *Id.* at 1057 n.4
3  (quoting *Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir. 2003)).

4  Plaintiff has alleged that Defendant Sandy ordered Plaintiff's medications seized.
5  Complaint at 5.  Plaintiff alleges that these medications were not expired and that Plaintiff's
6  possession was proper.  *Id*. at 4.  Plaintiff alleges that he was without medication for four days.
7  Plaintiff's Separate Statement of Disputed Facts at 5.  Plaintiff has also alleged that because he
8  was without these medications, he suffered a bout of extremely high blood pressure, which
9  required medical treatment.  Complaint at 5.

10  It is established that deliberate indifference is found when a prison official "intentionally
11  interfer[s] with... treatment once prescribed." *Wakefield v. Thompson*, 177 F.3d 1160, 1165(9th
12  Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  Plaintiff has alleged that
13  Defendant Sandy ordered the confiscation of Plaintiff's medications for the purpose of punishing
14  the Plaintiff.  Defendant Sandy denies these allegations.  As such, this court finds there is a
15  genuine issue as to a material fact and therefore Defendant's motion for summary judgment is
16  denied as to Plaintiff's claims that Defendant Sandy's actions were deliberately indifferent.

**IV**

18  Plaintiff has alleged that the actions of both Defendant Sandy and Defendant Hughes
19  were motivated by a desire to retaliate against Plaintiff's filing of lawsuits and grievances.
20  Allegations of retaliation against a prisoner's First Amendment rights to speech may
21  support a § 1983 claim.  *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).  "Within the
22  prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An
23  assertion that a state actor took some adverse action against an inmate (2) because of (3) that
24  prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First
25  Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."
26  *Id.* at 567-68; *see also Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989)

4

1  (explaining that a plaintiff must plead facts which suggest "that the protected conduct was a
2  'substantial' or 'motivating' factor in the defendant's decision") (citation omitted).

3  A

4  Plaintiff has alleged that Defendant Sandy ordered Plaintiff's medication confiscated in
5  retaliation for Plaintiff filing a grievance against Defendant Sandy.  If true, such an order would
6  constitute an adverse action against Plaintiff.  Additionally a prisoners filing of grievances is a
7  protected First Amendment right.  *Rhodes*, 408 F.3d at 567.  Finally, while the searching of
8  prison cells certainly serves to reasonably advance a legitimate correctional goal, specifically
9  safety, there is no support for the proposition that any legitimate correctional goal is advanced by
10 ordering the confiscation of an inmates prescribed medication for purposes of retaliation.

11 Defendant Sandy argues that Plaintiff, "remained prolific in the exercise of his First
12 Amendment right" and therefore Defendant's actions did not chill Plaintiff's exercise of his First
13 Amendment rights.  Motion for Summary Judgment at 10.  However, "it would be unjust to
14 allow a defendant to escape liability for a First Amendment violation merely because an
15 unusually determined plaintiff persist in his protected activity.  *Rhodes*, 403 F.3d at 569 (quoting
16 *Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999).
17 The proper inquiry is "whether an officials acts would chill or silence a person of ordinary
18 firmness from future First Amendment activities" and not whether this Plaintiff's speech was
19 actually suppressed.  *Id*.  The denial of medication would chill or silence a person of ordinary
20 firmness from future First Amendment activities.

21 Thus, the court finds there exists a genuine issue of material fact as to whether Defendant
22 Sandy ordered Plaintiff's medication confiscated in retaliation for Plaintiff filing a grievance.
23 Therefore Defendant's motion for summary judgment is denied as to Plaintiff's claim that
24 Defendant Sandy ordered Plaintiff's medication confiscated in retaliation against Plaintiff.

25 B

26 Plaintiff also claims that Defendant Hughes wrongly ascribe Plaintiff an "R custody"

1  suffix and denied Plaintiff's family visit in retaliation for Plaintiff filing a lawsuit against three
2  of Defendant Hughes' friends and previous co-workers from a different prison.
3      In May of 2003 the California Prison system implemented California Code of
4  Regulations Title 15, Section 3177 ("section 3177"). *See* Defendants Separate Statement of
5  Undisputed Facts Exhibit F. Under California Code of Regulations, Title 15, Section 3177:

> Family visits shall not be permitted for inmates convicted of a violent offense involving... *any sex offense* ...which includes, *but is not limited to* the following Penal Code sections....
> (A) Inmates may be prohibited from family visiting where substantial documented evidence or information of the misconduct (described above) exists, *without a criminal conviction*.

CAL. CODE REGS. tit. 15, §3177(b)(1)-(b)(1)(A) (2007) (emphasis added).

    On June 20, 2003, Plaintiff's request for a family visit was denied pursuant to section 3177 because Plaintiff had been arrested for assault with intent to commit rape on July 12, 1989. Plaintiff contends that section 3177 applies only to criminal convictions or offenses perpetrated against a minor or family member. Plaintiff's Opposition to Summary Judgment at 9-10. Plaintiff is mistaken.

    Paragraph (1) of section 3177 provides that an inmate may not have family visits if that inmate has been convicted of a violent offense involving a minor or family member, or *any sex offense*. CAL. CODE REGS. tit. 15, §3177(b)(1) (2007)(emphasis added). Subsection (A) to paragraph (1) provides that, "Inmates may be prohibited from family visiting where substantial documented evidence or information of the misconduct described in section 3177(b)(1) exists, *without a criminal conviction*." *Id.*

    Plaintiff correctly points out that California Penal Code section 220, the penal code which corresponds to Plaintiff's arrest, is not one of those listed in section 3177 (b)(1). Plaintiff's Opposition to Summary Judgment at 9. However, as noted above, section 3177 (b)(1) is also applicable to any sex offense. CAL. CODE REGS. tit. 15, §3177(b)(1) (2007). Assault with the intent to commit rape is a sex offense under California law. *People v. Pierce*, 104 Cal.App.4th 893, 898 (2002).

The obvious correctional goal of section 3177 is to prohibit inmates who may pose a danger from coming in contact with the visiting public. Inmates with substantial evidence of sex offenses, but not convictions, are included in the policy because victims of sex offenses are frequently too afraid to testify, which prevents conviction. A fact which Plaintiff acknowledges. Defendant's Deposition of Plaintiff at 104.

Therefore, the court finds that the actions of Defendant Hughes reasonably advanced a legitimate correctional goal. Thus, Plaintiff's allegations cannot support a claim of retaliation by Defendant Hughes. As such, Defendant's motion for summary judgment as to Defendant Hughes will be granted.

Additionally, On February 15, 2007, Plaintiff filed a writ of mandamus, asking the court to order the Department of Corrections to reinstate Plaintiff's family visits. As the court sees no grounds for such an order, Plaintiff's writ will be denied.

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's January 31, 2007, motion for summary judgment is DENIED with respect to Plaintiff's claims that Defendant Sandy was deliberately indifferent;

2. Defendant's January 31, 2007, motion for summary judgment is DENIED with respect to Plaintiff's claims that Defendant Sandy retaliated against the Plaintiff;

3. Defendant's January 31, 2007, motion for summary judgment is GRANTED with respect to Plaintiff's claims that Defendant Hughes retaliated against Plaintiff; and

4. Plaintiff's February 15, 2007, writ of mandamus is DENIED.

/////

DATED: December 6, 2007

/s/ Arthur L. Alarcón  
UNITED STATES CIRCUIT JUDGE  
Sitting by Designation