IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESLIE JONES,

    Plaintiff,                    No. CIV S-04-1933 ALA P

    vs.

LIEUTENANT E. SANDY, et al.,

    Defendants.             <u>ORDER</u>

        Before this Court are three motions: (1) Plaintiff's Request for Clarification (Doc. 85) concerning a pending Motion to Compel (Doc. 53); (2) Plaintiff's Request for the Court to Reconsider its Order Denying Plaintiff's Motion to Appoint Counsel (Doc. 57); and (3) Plaintiff's Motion to Produce Witnesses to Testify at Trial (Doc. 69). For the reasons set forth below, Plaintiff's motions are denied.

**I**

        On December 21, 2007, Plaintiff filed a Request for Clarification (Doc. 85) concerning a Motion to Compel which he filed on December 5, 2006 (Doc. 53). Defendants filed an opposition to Plaintiff's Motion to Compel on November 20, 2006 (Doc. 58). Plaintiff replied to Defendants' opposition on December 7, 2006 (Doc. 60).

        In his Motion to Compel, Plaintiff seeks the production of the entire confidential personnel file of each Defendant and also further responses to certain admissions and interrogatories. Since the filing of the motion, the Court ruled on Defendant's Motion for

1  Summary Judgment and dismissed the case as to all defendants except Defendant Sandy (Doc.
2  82).  Thus, Plaintiff's Motion to Compel is only relevant to Defendant Sandy, and moot as to
3  other defendants who have been dismissed from the case.
4      Specifically, Plaintiff moves to compel the production of documents of Defendant
5  Sandy's "personal and confidential work file for the complete period Lt. Sandy has been
6  employed by the Department of CDC."  Plaintiff also moves to compel the production of "Copies
7  of any and all 1983 Civil Complaints filed against Lt. E. Sandy for the entire time Lt. Sandy has
8  worked for the Department of CDC."  Plaintiff's remaining claims in this action are (1) whether
9  Defendant Sandy was deliberately indifferent to Plaintiff's serious medical needs when
10 Defendant Sandy allegedly ordered the confiscation of his blood pressure medication, and (2)
11 whether Defendant Sandy retaliated against Plaintiff.  The documents that Plaintiff seeks to
12 compel are not relevant to either of the remaining claims.  *See, e.g.,* Fed. R. Evid. 404(b)
13 (prohibiting the use of other wrongful acts against a defendant merely to show that the defendant
14 had the propensity to commit the act in question); Cal. Code of Regs. tit. 15, § 3370 (prohibiting
15 inmates from accessing records or materials regarding other inmates).
16     Plaintiff also moves to compel Defendant Sandy to respond to certain requests for
17 admissions.  Defendant Sandy's response, in relevant part, to each of the admissions in dispute
18 is:  "After reasonable inquiry, the information known or readily available to me is insufficient to
19 enable me to admit or deny the request."  Plaintiff fails to set forth any basis for compelling a
20 further response.
21     Finally, Plaintiff moves to compel Defendant Sandy to respond further to certain
22 interrogatories.  To interrogatory number 13, Defendant responded "No." Thus, no further
23 response can be compelled.  Interrogatory number 20 requested information from Defendant
24 Sandy about the number of "inmate grievances" filed against her.  Similarly, interrogatory
25 number 25 requested information from Defendant Sandy about the number of "pending civil
26 complaints" against her.  For the same reasons as set forth above concerning the request for the
27 production of documents, the information sought by interrogatories number 20 and 25 is not
28 relevant to the remaining claims in the case.  *See also, e.g., United States v. Nixon*, 418 U.S. 683,

1  699 (1974) (explaining that discovery requests should not be a "fishing expedition").
2      Therefore, Plaintiff's Motion to Compel is denied.
3  **II**
4      On October 31, 2006, it appears that Plaintiff also filed a Request for the Court to
5  Reconsider its Order Denying Plaintiff's Motion to Appoint Counsel (Doc. 57).  On October 29,
6  2004, Plaintiff requested assignment of counsel.  On February 18, 2005, the court denied
7  Plaintiff's request (Doc. 12).  Plaintiff moves for the Court to reconsider its February 18, 2005,
8  order denying Plaintiff's request for counsel.
9      The district courts lack authority to require counsel to represent indigent prisoners in
10 § 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In certain
11 exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to
12 28 U.S.C. § 1915(e)(1).  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v.
13 Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, at this time, the court
14 does not find the required exceptional circumstances.  Plaintiff's request to reconsider its Order
15 denying Plaintiff's motion for the appointment of counsel will, therefore, be denied at this time.

**III**

On February 6, 2007, Plaintiff filed a motion for the Court to order the warden at CSP-Solano to produce certain inmates who voluntarily agreed to testify at trial (Doc. 69).  Since the filing of the motion, the original trial date was vacated.  Subsequently, the Court ruled on a motion for summary judgment dismissing the case as to certain defendants, and the Court also filed a Revised Scheduling Order (Doc. 81).  In light of these orders, Plaintiff's motion to produce witnesses to testify at the original trial (Doc. 69) is denied as moot.

If Plaintiff intends to call witnesses at the newly scheduled trial set for April 28, 2008, he shall list them in his pre-trial statement, and also shall file the necessary and related motions.

**Accordingly, IT IS HEREBY ORDERED that:**

    1.    Plaintiff's Request for Clarification (Doc. 85) is denied.

    2.    Plaintiff's Motion to Compel (Doc. 53) is denied.

    3.    Plaintiff's Request for the Court to Reconsider its Order Denying Plaintiff's

Motion to Appoint Counsel (Doc. 57) is denied at this time.

4. Plaintiff's Motion to Produce Witnesses to Testify at Trial (Doc. 69) is denied as moot.

///

DATED: December 28, 2007

                                                        /s/ Arthur L. Alarcón
                                                        UNITED STATES CIRCUIT JUDGE
                                                        Sitting by Designation