IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESLIE JONES,

    Plaintiff,                       No. CIV S-04-1933 ALA P

    vs.

LIEUTENANT E. SANDY, et al.,

    Defendants.               ORDER

_____/

    Plaintiff Leslie Jones is a state prison inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On December 7, 2007, this court granted defendant's motion for summary judgment with respect to plaintiff's claim that defendant Hughes retaliated against plaintiff and denied defendant's motion for summary judgment with respect to plaintiff's claim that defendant Sandy was deliberately indifferent to plaintiff's serious medical need. Pending before the court are plaintiff's and defendant's motions for reconsideration. For the reasons stated below, both motions will be denied.

**I**

    A district court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). *See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with

1

1  newly discovered evidence, (2) committed clear error or the initial decision was manifestly
2  unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263.

3  A

4  Plaintiff alleges that defendant Hughes denied plaintiff's family visits based on a newly
5  implemented policy which, plaintiff alleges, only applies to those inmates whose victims were
6  minors.  Plaintiff's Motion for Reconsideration at 3.  Plaintiff alleges that defendant Hughes
7  denied the visits to retaliate against plaintiff because plaintiff had filed a lawsuit against former
8  coworkers and friends of defendant Hughes. *Id.* at 2-3.

9  Allegations of retaliation against a prisoner's First Amendment rights to speech may
10 support a § 1983 claim. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).  "Within the
11 prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An
12 assertion that a state actor took some adverse action against an inmate (2) because of (3) that
13 prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First
14 Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."
15 *Id.* at 567-68; *see also Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989)
16 (explaining that a plaintiff must plead facts which suggest "that the protected conduct was a
17 'substantial' or 'motivating' factor in the defendant's decision") (citation omitted).

18 At issue here is whether the denial of plaintiff's family visits advanced a legitimate
19 correctional goal.  Paragraph (1) of section 3177 of the California Code of Regulations, Title 15,
20 provides that an inmate may not have family visits if that inmate has been convicted of a violent
21 offense involving a minor or family member, or *any sex offense*.  CAL. CODE REGS. tit. 15,
22 §3177(b)(1) (2007)(emphasis added).  Subsection (A) to paragraph (1) provides that, "Inmates
23 may be prohibited from family visiting where substantial documented evidence or information of
24 the misconduct described in section 3177(b)(1) exists, *without a criminal conviction*." *Id.*

25 Plaintiff continues to cite a version of section 3177 that is not accurate.  Section
26 3177(b)(1) is applicable to, not only violent offenses involving minors, but any sex offense. *Id.*

2

1  Plaintiff was arrested on such an offense and section 3177(b)(1) is therefore applicable. Thus,
2  plaintiff cannot show that the denial of plaintiff's family visits was not advancing a legitimate
3  correctional goal. As such, plaintiff's motion for reconsideration is denied.

**B**

5  Defendants argue that this court should reconsider denying their motion for summary
6  judgment as to whether defendant Sandy was deliberately indifferent because "undisputed
7  material facts show that defendant Sandy did not know about plaintiff's medical condition, had
8  no knowledge of plaintiff's medications, and no awareness of the effects that would occur if the
9  medications were confiscated." Defendant's Motion for Reconsideration at 2.

10  In determining whether to grant summary judgment, the court will view the facts and
11  inferences from these facts in the light most favorable to the nonmoving party. *Matsushita Elec.*
12  *Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Here, plaintiff was the nonmoving party.

13  At issue is whether defendant Sandy was deliberately indifferent to plaintiff's serious
14  medical needs. Plaintiff has alleged that defendant Sandy was deliberately indifferent by
15  "ordering the confiscation of plaintiff's doctor ordered prescribed medications." Plaintiff's
16  Opposition to Defendant's Motion for Summary Judgment at 3. Defendant Sandy claims that
17  she did not know of plaintiff's medical condition or of his medications. Defendant's Motion for
18  Reconsideration at 2.

19  It is established that deliberate indifference is found when a prison official "intentionally
20  interfer[s] with... treatment once prescribed." *Wakefield v. Thompson*, 177 F.3d 1160, 1165(9th
21  Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). If plaintiff can prove that
22  defendant Sandy ordered the confiscation of his medication without justification, such action
23  would constitute the intentional interference of treatment. Conversely, if plaintiff is unable to
24  prove defendant Sandy was responsible for the confiscation of his medication, or that defendant
25  Sandy was not justified in ordering plaintiff's medication confiscated, plaintiff's claim would
26  fail. Thus, as to deliberate indifference, there is a genuine issue as to a material fact. As such,

defendant's motion for reconsideration will be denied.

**II**

Accordingly, IT IS HEREBY ORDERED that:

    1.  Defendant's December 18, 2007, motion for reconsideration is DENIED; and

    2.  Plaintiff's December 21, 2007, motion for reconsideration is DENIED.

/////

DATED: February 20, 2008

                              /s/ Arthur L. Alarcón
                              UNITED STATES CIRCUIT JUDGE
                              Sitting by Designation