IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESLIE JONES,

        Plaintiff,                          Case No. 2:04-cv-01933 ALA (P)

    vs.

LIEUTENANT E. SANDY, et al.,

        Defendants.                      ORDER

_____/

        Plaintiff Leslie Jones is proceeding *pro se* and *in forma pauperis* in the civil rights action pursuant to 42 U.S.C. § 1983. Before this Court is Mr. Jones's "Motion Requesting Permission to Add the Following Defendant's [sic] to this Action Under Federal Rules of Civil Procedure Rule 19(a) 'Joiner [sic] of Persons Needed for Just Adjudication,' and Rule 21 Misjoinder and Non-joinder [sic] of Parties" (Doc. No. 102). Defendant Sandy filed a timely opposition (Doc. No. 105), and Mr. Jones responded (Doc. No. 109).

        On June 2, 2008, the Court ordered the parties to file briefs by June 16, 2008, on the following questions: whether Mr. Jones's motion should be denied on the grounds of undue delay, and whether Mr. Jones may join parties previously dismissed for failure to exhaust administrative remedies, once exhaustion has occurred. Defendant filed a response to the Court's order (Doc. No. 113). Mr. Jones has not filed any response. For the reasons set forth below, Mr. Jones's motion is DENIED.

I

Pursuant to the exhaustion requirements of 42 U.S.C. § 1997e(a), Mr. Jones may not add defendants. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Ninth Circuit has interpreted the statute to mean that if, prior to the initial filing, administrative remedies have not been exhausted with regard to a particular claim, that claim must be dismissed without prejudice. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). It is undisputed that at the time Mr. Jones filed his complaint, he had not exhausted his administrative remedies as to the defendants he now seeks to join. Mr. Jones's motion, therefore, must be denied. Defendant Sandy also argues that she would be unduly prejudiced by granting Mr. Jones's motion. A court should generally allow parties leave to amend their complaint under Rule 15 of the Federal Rules of Civil Procedure. However, "[l]iberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile. . . . Additionally, the district court may consider the factor of undue delay." *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987).

Defendant Sandy asserts that allowing Mr. Jones to add defendants would require "additional discovery, another deposition, and more investigations into peripheral matters involving the other defendants and claims" as well as "substantially change the scope of discovery and the case, and impose undue expenses associated with defending this action." (Def.'s Resp. to Ct.'s June 3, 2008 Order 2). Moreover, Defendant Sandy contends that Mr. Jones has unduly delayed in filing. Mr. Jones has not responded to Defendant's Sandy's assertions. Mr. Jones also has not provided a reason for waiting almost three years to seek to join the defendants in question. Mr. Jones's motion must be denied, because granting Mr. Jones's motion would unduly prejudice Defendant Sandy, and Mr. Jones has failed to justify his delay in filing.

Mr. Jones failed to comply with the Court's June 2, 2008 order. Local Rule 11-110 of the United States District Court for the Eastern District of California provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Since Mr. Jones failed to respond to the Court's order, he has conceded the issue whether he should be allowed to join the defendants in question.

Therefore, it is ORDERED that Mr. Jones' motion to add defendants is DENIED.

/////

DATED: June 23, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation