IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESLIE JONES,

    Plaintiff,                     Case No. 2:04-cv-01933 ALA (P)

  vs.

LIEUTENANT E. SANDY, et al.,

    Defendants.                 <u>ORDER</u>

_____/

      Plaintiff Leslie Jones is proceeding *pro se* and *in forma pauperis* in the civil rights action pursuant to 42 U.S.C. § 1983. On October 14, 2004, he filed an amended complaint alleging that Defendant Sandy violated his constitutional rights by retaliating against him when she ordered the confiscation of his blood pressure medication.[1] On July 1, 2008, Plaintiff filed the following two documents: "Motion of Clarification for the Court in that Plaintiff's Seven Page Brief was Timely Mailed" (Doc. No. 115); and "Brief . . . as Directed by the Courts Order" (Doc. No. 116). For the reasons set forth below, the Court's June 23, 2008, order (Doc. No. 114) is hereby VACATED, however, Plaintiff's motion to add defendants (Doc. No. 102) is DENIED.

**I**

      On March 13, 2008, Plaintiff filed a document entitled "Motion Requesting Permission

---

[1] The case was transferred to this Court on July 3, 2007.

1

1  to Add the Following Defendant's [sic] to this Action Under Federal Rules of Civil Procedure
2  Rule 19(a) 'Joiner [sic] of Persons Needed for Just Adjudication,' and Rule 21 Misjoinder and
3  Non-joinder [sic] of Parties" (Doc. No. 102).  The Court considered this motion to be a request
4  to add more defendants.  Defendant Sandy filed a timely opposition (Doc. No. 105), and Plaintiff
5  responded (Doc. No. 109).

6  On June 2, 2008, the Court ordered the parties to file briefs by June 16, 2008, on the
7  following questions: whether Plaintiff's motion should be denied on the grounds of undue delay,
8  and whether Plaintiff may join parties previously dismissed for failure to exhaust administrative
9  remedies, once exhaustion has occurred.  Defendant filed a timely response to the Court's order
10 (Doc. No. 113).  The Court did not receive a response from Plaintiff.  On June 23, 2008, the
11 Court denied Plaintiff's request to add defendants (Doc. No. 115).

12 On July 1, 2008, Plaintiff filed a document declaring, under the penalty of perjury, that
13 he attempted to file a response to the Court's June 2, 2008 order.  He states that he "did file a
14 timely motion and mailed this Brief to the Court on June 12, 2008."  He further states that he
15 provided a copy of his response, with the "correct amount of postage and Court's correct mailing
16 address along with a proof of service'" to "Correctional Officer Fitzpatrich" who "signed on the
17 back of the envelope." (Doc. No. 115).

18 Filings by prisoners who represent themselves are to be considered filed at "the moment
19 of delivery to prison authorities for forwarding" to the court, rather than when such notices are
20 received by the court.  *Houston v. Lack*, 487 U.S. 266, 267 (1988).  Therefore, Plaintiff is
21 deemed to have filed a timely response to the June 2, 2008 order.  Accordingly, the Court
22 vacates its June 23, 2008 order (Doc. No. 114) and will consider Plaintiff's "Motion of
23 Clarification for the Court in that Plaintiff's Seven Page Brief was Timely Mailed" (Doc. No.
24 115) in ruling on his motion to add defendants.

25                                                      **II**
26 In Plaintiff's "Motion Requesting Permission to Add the Following Defendant's [sic] to
27 this Action Under Federal Rules of Civil Procedure Rule 19(a) 'Joiner [sic] of Persons Needed
28 for Just Adjudication,' and Rule 21 Misjoinder and Non-joinder [sic] of Parties" (Doc. No. 102),

he seeks to add five additional defendants, Hughes, Brown, Rodriguez, Mabon, and Justin. Defendant Sandy argues that these individuals were previously named defendants who were dismissed and cannot now be added back in.

### A

On December 7, 2007, the Court granted summary judgment in favor of defendant Hughes.  Plaintiff had brought a claim against defendant Hughes alleging that he wrongly ascribed Plaintiff an "R custody" suffix and denied Plaintiff's family visit in retaliation for Plaintiff filing a lawsuit against Hughes's friends and co-workers.  The Court granted summary judgment in favor of Hughes explaining that "Defendant Hughes reasonably advanced a legitimate correctional goal." (Doc. No. 82).  The Court denied Plaintiff's motion to reconsider its order. (Doc. No. 98).  Plaintiff has not set forth any new reasons why Hughes should be added as a defendant.  "Under the 'law of the case doctrine,' a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *Richardson v. Unites States*, 841 F.2d 993, 996 (9th Cir. 1988).  The claims against Hughes has already been litigated, and the Court already entered summary judgment in his favor. Therefore, Plaintiff's motion to add him as a defendant is denied.

### B

On February 14, 2006, the Court granted, in part, Defendants' motion to dismiss by dismissing "claims as to defendants . . . Brown, . . . Rodriguez, Mabon, and Justin" on the ground that the claims were "unexhausted at the time plaintiff brought the action." (Doc. No. 44).  Pursuant to the exhaustion requirements of 42 U.S.C. § 1997e(a), Plaintiff may not now add these defendants.  Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Ninth Circuit has interpreted the statute to mean that if, prior to the initial filing, administrative remedies have not been exhausted with regard to a particular claim, that claim must be dismissed without prejudice. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

It is undisputed that at the time Plaintiff filed his complaint, he had not exhausted his administrative remedies as to the Brown, Rodriguez, Mabon, Justin, whom he now seeks to join.

Defendant Sandy also argues that she would be unduly prejudiced by granting Plaintiff's motion. A court should generally allow parties leave to amend their complaint under Rule 15 of the Federal Rules of Civil Procedure.[2] However, "[l]iberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile. . . . Additionally, the district court may consider the factor of undue delay." *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987).

Defendant Sandy asserts that allowing Plaintiff to add defendants would require "additional discovery, another deposition, and more investigations into peripheral matters involving the other defendants and claims" as well as "substantially change the scope of discovery and the case, and impose undue expenses associated with defending this action." (Doc. No. 113). Moreover, Defendant Sandy contends that Plaintiff has unduly delayed in filing

---

[2]Rule 15(a) provides:
    (a) Amendments Before Trial.
    (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course:
    (A) before being served with a responsive pleading; or
    (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
    (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
    (3) Time to Respond. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 10 days after service of the amended pleading, whichever is later.

1 a motion to add defendants.

2 Plaintiff claims that he has delayed in making a request to add these individuals because
3 he is a *pro se* litigant who "'did not know' how or what was proper to do." (Doc. No. 116). He
4 argues that he "requested appointment of counsel from the court on at least five (5) different
5 occasions because of Plaintiff's difficulty moving forward with the prosecution of the case," but
6 that the Court denied his request. (*Id.*). He also maintains that he "only had limited access to a
7 law library and other materials." (*Id.*).

8 Plaintiff has not set forth meritorious reasons for waiting almost three years to seek to
9 join the individuals in question. District courts lack authority to appoint counsel to represent
10 indigent prisoners in § 1983 cases. *See Mallard v. United States Dist. Court*, 490 U.S. 296, 298
11 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of
12 counsel pursuant to 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.
13 1991). The Court has already ruled that Plaintiff failed to set forth the required exceptional
14 circumstances to merit appointment of counsel. (Doc. No. 90). Plaintiff cannot use his *pro se*
15 status as a reason for explaining the delay in requesting to add in these defendants. Plaintiff
16 admits that he has had limited access to the library. He fails to explain how this access was
17 inadequate or how it prevented him filing an earlier request. *See, e.g., Phillips v. Hust*, 477 F.3d
18 1070, 1075 (9th Cir. 2007) (holding that state prison authorities must provide "prisoners with
19 adequate law libraries").

20 The case is four years old. The pretrial scheduling order has been issued and a trial date
21 has been set. It would be prejudicial to Defendant and contrary to the interest of judicial
22 economy to add defendants who have already been dismissed at this late date. *Reade,* 198 F.3d
23 at 757-58*; see also* Fed. R. Civ. P. 1 (providing that the Federal Rules of Civil Procedure "shall
24 be construed and administered to secure the just, speedy, and inexpensive determination of every
25 action").

26 Therefore, Plaintiff's motion (Doc. No. 102) to add defendants is denied.

### III

28 The Court notes that on January 29, 2008, Defendant filed a motion to modify the

5

1  scheduling order.  (Doc. No. 96).  On March 27, 2008, the Court issued a revised scheduling
2  order.  (Doc. No. 104).  Therefore, Defendant's motion is denied as moot.
3  /////
4          Accordingly, it is hereby ORDERED that:
5    1.   The Court's June 23, 2008, order (Doc. No. 114) is VACATED.
6    2.   Plaintiff's motion to add defendants (Doc. No. 102) is DENIED.
7    3.   Defendant's motion to modify the scheduling order (Doc. No. 96) is DENIED as
8        moot.
9  /////
10 DATED: July 17, 2008

                                /s/ Arthur L. Alarcón
                                UNITED STATES CIRCUIT  JUDGE
                                Sitting by Designation