IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESLIE JONES,

       Plaintiff,                    Case No. 2:04-cv-01933 ALA (P)

    vs.

LIEUTENANT E. SANDY, et al.,

       Defendants.                 ORDER

_____/

       Plaintiff Leslie Jones ("Jones") is proceeding *pro se* and *in forma pauperis* in the civil rights action pursuant to 42 U.S.C. § 1983.  Before this Court is Jones's motion for the attendance of nine incarcerated witnesses at his forthcoming trial.  (Doc. 111.)  Defendant Lieutenant E. Sandy ("Sandy") filed an opposition brief (Doc. 120), and Jones filed a response (Doc. 121).  For the reasons set forth below, Jones's motion is GRANTED IN PART and DENIED IN PART.

**I**

       Jones initially requested the attendance of the following inmates at trial: (1) Redmond Cesare; (2) Joe M. Tyes; (3) Jimmy Asoau; (4) W. Talbert; (5) Jose M. Perez; (6) Clifford Locklear; (7) Tyrone Wright; (8) Lawrence Cooper; and (9) Miguel E. Diaz.  (Doc. 111 (at 2).)

       In its March 27, 2008 Revised Scheduling Order (Doc. 104) ("Scheduling Order"), this Court articulated several procedural requirements Jones must meet in order to obtain the

attendance of incarcerated and unincarcerated witnesses at trial.  As discussed below, Jones has met the procedural requirements for only two incarcerated witnesses, Locklear and Tyes.

## II

### A

With respect to inmates Jimmy Asoau (C-65314) and Lawrence Cooper (E-93746), Jones states that he no longer wishes to call these individuals as witnesses.  (Doc. 121 (Jones Decl. at 2).)  Accordingly, Jones's request for the attendance of these incarcerated witnesses is DENIED as moot.[1]

### B

With respect to inmate Tyrone Wright (B-70098), T. Davis, an employee of the California Department of Corrections and Rehabilitation (CDCR), states that Wright paroled in October 2007 and is no longer incarcerated at a CDCR facility.  (Doc. 120-1 (T. Davis Decl. ¶ 3).)  The Scheduling Order provides that the procedure for obtaining the attendance of an unincarcerated witness who agrees to testify voluntarily is that "[i]t is the responsibility of the party who has secured an unincarcerated witness' voluntary attendance to notify the witness of the time and date of trial.  No action need be sought or obtained from the court." (Doc. 104 (at 4).)[2]  Accordingly, Jones' request for the attendance of Tyrone Wright is DENIED.[3]

### C

With respect to inmates Redmond Cesare (K-79534), W. Talbert (D-60066), Miguel Diaz

---

[1] Jones has also withdrawn his request to call incarcerated witnesses Aaron Richardson, Steven Martinez, and John Rigoni.  (Doc. 121 (Jones Decl. at 2).)  Jones did not list these individuals in his pretrial statement (Doc. 110), although he included their declarations with his motion for the attendance of incarcerated witnesses (Doc. 111).  To the extent Jones requested the attendance of these three individuals at trial, that request is also DENIED as moot.

[2] Wright submitted a sworn declaration indicating that he would voluntarily testify if called.  (Doc. 111 (Wright Decl. at 3).)

[3] In the event Wright's parole is revoked prior to trial, Jones is required to comply with the procedural requirements set forth in the Scheduling Order.

(T-83077), and Jose Perez (P-46359), Jones's request for their attendance at trial is DENIED. In order to obtain the attendance of an incarcerated witness who agrees to testify voluntarily, Jones must provide: (1) a sworn affidavit (from either Jones or the prospective witness) confirming the prospective witness's willingness to attend trial; and (2) a sworn affidavit (from either Jones or the prospective witness) describing relevant facts to which the prospective witness was an eye- or ear-witness. (Doc. 104 (at 2-3).) While Cesare, Talbert, Diaz, and Perez have all provided sworn declarations confirming their willingness to testify if called, their declarations do not describe relevant facts to which they were witnesses. Rather, Cesare, Talbert, Diaz, and Perez all describe alleged situations where Sandy retaliated against them for bringing their own civil rights actions or where Sandy otherwise expressed antagonism towards them. None of these alleged situations are relevant to Jones's claims. While Jones provides a declaration describing the purported relevance of these individuals' testimony (Doc. 121 (Jones Decl. at 2)), Jones's declaration lacks the specificity required by the Scheduling Order (Doc. 104 (at 3).) Accordingly, Jones's request for the attendance of Redmond Cesare, W. Talbert, Miguel Diaz, and Jose Perez at trial is DENIED.[4]

**D**

With respect to inmate Clifford Locklear (B-85554), Sandy does not oppose Jones's request to have Locklear attend trial (see Doc. 120 (at 2)) and Jones has met the procedural requirements for obtaining Locklear's attendance. First, Locklear provides a sworn declaration stating that he "will freely testify" if called. (Doc. 111 (Locklear Decl.).) Second, Locklear's declaration describes relevant facts surrounding an exchange between Jones and Sergeant Martin and involving Sandy. (Doc. 111 (Locklear Decl.).) Accordingly, Jones's request for the attendance of Clifford Locklear at trial is GRANTED.

With respect to inmate Joe Tyes (J-94963), Jones has met the procedural requirements

---

[4]In his response brief, Jones appears to request the attendance of inmate Johnathan S. Williams at trial. (Doc. 121 (Williams Decl.).) To the extent Jones makes such a request, it is DENIED for the same reasons articulated above.

1  for obtaining Tyes's attendance at trial.  Jones states, under penalty of perjury, that he
2  inadvertently omitted Tyes's declaration from his motion papers.  (Doc. 121 (Jones Decl. at 2).)
3  Having attached the Tyes declaration to his response brief (Doc. 121 (Tyes Decl.)) and given
4  that "[*p*]*ro se* habeas petitioners may not be held to the same technical standards as litigants
5  represented by counsel[,]" *Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002), the Court will
6  consider the Tyes declaration.  In that declaration, Tyes states that he "would free [sic] testify" if
7  called.  (Doc. 121 (Tyes Decl.).)  Tyes also describes relevant facts surrounding an exchange
8  Tyes allegedly witnessed between Jones and Sandy.  (*Id.*)  Accordingly, Jones's request for the
9  attendance of Joe Tyes at trial is GRANTED.

### III

For the foregoing reasons, Jones's motion for the attendance of incarcerated witnesses at trial (Doc. 111) is GRANTED IN PART and DENIED IN PART.  The Court will issue orders and writs of habeas corpus *ad testificandum* for inmates Clifford Locklear and Joe Tyes at the appropriate time.

/////

DATED: September 5, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT  JUDGE
Sitting by Designation