IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESLIE JONES,

     Plaintiff,                    Case No. 2:04-cv-01933 ALA (P)

    vs.

LIEUTENANT E. SANDY, et al.,

     Defendants.               <u>ORDER</u>

        Plaintiff Leslie Jones ("Jones") is proceeding *pro se* and *in forma pauperis* in the civil rights action pursuant to 42 U.S.C. § 1983. Before this Court is Jones's motion for a preliminary injunction. (Doc. 128.) Jones seeks injunctive relief to ensure that he is given the opportunity to interview all of his prospective witnesses prior to trial. Because a preliminary injunction is not the proper vehicle for Jones's requested relief, the motion is denied.

I

        A party seeking preliminary injunctive relief is required to demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits exist and the balance of the hardships tips sharply in its favor. *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001); *Sony Computer Entm't, Inc. v. Connectix Corp.*, 203 F.3d 596, 602 (9th Cir. 2000) (citations omitted). These

two standards represent "'two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'" *A&M Records*, 239 F.3d at 1013 (quoting *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 874 (9th Cir. 2000)).  Additionally, the public interest must favor issuance of the injunction.  *Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 917 (9th Cir. 2003) (citation omitted).

II

Jones's motion fails on two grounds.  First, a preliminary injunction is not the proper vehicle for Jones's requested relief.  Injunctive relief, by its nature, enjoins activity.  *See United States v. Oregon State Med. Soc'y*, 343 U.S. 326, 333 (1952) ("The sole function of an action for injunction is to forestall future violations.").  Jones fails to allege facts showing that the California Department of Corrections and Rehabilitation (CDCR) is interfering with his right to interview his witnesses.  Second, Jones's motion fails, on the merits, to meet the legal standard for granting preliminary injunctive relief.  *See A&M Records*, 239 F.3d at 1013.  For these reasons, the motion is denied.

/////

DATED: October 2, 2008

                                        /s/ Arthur L. Alarcón
                                        UNITED STATES CIRCUIT  JUDGE
                                        Sitting by Designation