IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESLIE JONES,

      Plaintiff,                      Case No. 2:04-cv-01933 ALA (P)

  vs.

LIEUTENANT E. SANDY, et al.,

      Defendants.                  <u>ORDER</u>

_____/

      Plaintiff Leslie Jones ("Petitioner") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Before this Court is Petitioner's renewed request for the attendance of Tyrone C. Wright at trial (Doc. 145) and Defendant's response to that request (Doc. 149). For the reasons discussed below, Petitioner's renewed request will be denied.

I

      On May 7, 2008, Petitioner filed a motion for the attendance of incarcerated witnesses at trial (Doc. 111) which this Court granted in part and denied in part (Doc. 124). In relevant part, the Court denied Petitioner's motion regarding prospective witness Tyrone C. Wright because

/////

1

1   the evidence presented in the record indicated that he was no longer incarcerated.  (Doc. 124 at
2   2.)
3         On October 28, 2008, Petitioner filed a motion requesting that the Court order the
4   California Department of Corrections and Rehabilitation ("CDCR") to produce Wright for trial
5   because, according to Petitioner, Wright's parole has been revoked and Wright is currently in
6   custody. (Doc. 134.)  This Court denied Petitioner's motion without prejudice because, among
7   other things, Petitioner failed to demonstrate that the individual in custody at the Rio Cosumnes
8   Correctional Center ("RCCC") is the same individual that Petitioner seeks to have testify at trial.
9   (Doc. 142.)
10        Petitioner now contends that he has learned "through further investigation" that the
11  individual in custody at RCCC is the same Tyrone C. Wright that Petitioner seeks to have testify
12  at trial.  (Doc. 145 at 2.)  Accordingly, the Court ordered Defendant to respond to Jones's latest
13  motion by: (1) checking internal inmate records and indicate whether the individual in custody at
14  RCCC is the same Tyrone C. Wright that Petitioner seeks to have testify at trial; and (2) if so,
15  indicate whether Wright is subject to the jurisdiction of the CDCR.
16        The Court has received Defendant's response.  (Doc. 149.)  Although Defendant
17  acknowledges that the individual in custody at RCCC is the same Tyrone C. Wright that
18  Petitioner seeks to have testify at trial (*id.* at 2), Defendant also indicates that "as inmate Wright
19  was discharged from CDCR jurisdiction on September 1, 2008, Wright's initial parole hold is no
20  longer valid and he is solely under the jurisdiction of Sacramento County for prosecution on his
21  robbery charge."  (*Id.*)

                    II

23        Petitioner's motion seeks a writ from the Court ordering the CDCR to produce Wright for
24  trial. (*See* Docs. 111, 134. 143.)  As Wright is not subject to the jurisdiction of the CDCR,
25  Petitioner's request is denied on this ground.
26        Furthermore, even if the Court were to consider issuing a writ ad testificandum ordering

1   the Sacramento County Sheriff's Department to produce Wright for trial, it is apparent that such

2   a writ should not issue for the reasons discussed below.

3         A federal court has the discretion to issue a writ of habeas corpus ad testificandum.  *See,*

4   *e.g., DeCloux v. Johnston*, 70 F. Supp. 718, 720 (D.C. Cal. 1947) ("The granting of the writ of

5   habeas corpus ad testificandum rests largely in the discretion of the Court to which the

6   application is made").  In determining whether to issue a writ, a court should consider the

7   following factors:

> the costs and inconvenience of transporting a prisoner from his place of incarceration to the courtroom, any potential danger or security risk which the presence of a particular inmate would pose to the court, the substantiality of the matter at issue, the need for an early determination of the matter, the possibility of delaying trial until the prisoner is released, the probability of success on the merits, the integrity of the correctional system, and the interests of the inmate in presenting his testimony in person rather than by deposition.

12  *Stone v. Morris*, 546 F.2d 730, 735-36 (7th Cir. 1976) (citation omitted).  Here, several factors

13  weigh against issuing a writ for the attendance of Wright at trial.  At this late stage in

14  proceedings, the cost and inconvenience of transporting Wright from his place of incarceration

15  to the courtroom would be considerable, and there would be a strong possibility that the trial

16  would be delayed until Wright's release could be arranged.[1]  *See Stone*, 546 F.2d at 735.  Wright

17  would also pose a potential danger or security threat should a writ issue – he was arrested in

18  March 2008 on charges of robbery and violating parole and is currently "being held for

19  prosecution on the robbery charge in Sacramento County Superior Court." (Doc. 149 at 2.)

20        Furthermore, the Court does not find that Petitioner will be prejudiced should a writ not

21  issue for Wright's attendance at trial.  Wright's affidavit – which is in the record before the

22  Court (Doc. 111 at 4-7) – details actual knowledge of relevant facts.  Although Wright's

23  affidavit is not included in the pretrial order exhibit list (*see* Doc. 130 [Pretrial Order]), the Court

---

[1] Indeed, Petitioner apparently only learned of Wright's incarceration approximately one month ago.  (*See* Doc. 134 (filed October 28, 2008).)

3

will allow Petitioner to supplement his exhibit list to include Wright's affidavit, subject to a challenge by Defendant. See Fed. R. Evid. 804(a)(5); *see also Pierce v. County of Orange*, 526 F.3d 1190, 1201-02 (9th Cir. 2008) (discussing Rule 804(a)(5) in context of incarcerated witnesses); *United States v. Acevedo-Ramos*, 842 F.2d 5, 8 (1st Cir. 1988) (same).

Accordingly, it is hereby ORDERED that:

1. Petitioner's renewed request for the attendance of Tyrone C. Wright at trial (Doc. 145) is denied.

2. Tyrone C. Wright's affidavit, dated September 2, 2003 (Doc. 111 at 4-7), may be added to Petitioner's exhibit list, subject to a challenge by Defendant.

/////

DATED: November 24, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation